Per Curiam:
The act of March 2, 1903, 32 Stat., 932, provides:
“That hereafter, except in case of officers retired on account of wounds received in battle, no officer now on the retired list shall be allowed or paid any further increase of longevity pay, and officers hereafter retired, except as herein provided, shall not be allowed or paid any further increase of longevity pay above that which has accrued at the date of their retirement.”
*257 The act of June 3, 1916, 39 Stat., 183, provides as follows:
“ And provided further, That hereafter any retired officer who has been or shall be detailed on active duty, shall receive the rank, pay, and allowances of the grade, not above that of major, that'he would have attained in due course of promotion if he had remained on the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed on active duty since his retirement.”
The purpose of the provision in the act of June 3, 1916, was to increase the pay of retired officers who are detailed on active duty, as well as to provide for the promotion of certain grades of officers on the retired list who are detailed on active duty. A major on the retired list with 10 years’ service on the active list to his credit under the act of March 2,1903, supra, could not receive any longevity pay for service on active duty after his retirement from the active list, nor could any other officer of any grade after his retirement be allowed or receive any longevity pay for service performed after his retirement. Congress was advised of this law and sought by the act of June 3, 1916, to give to the retired officer detailed on active duty the pay which he might have earned by years of service on active duty after his retirement.
Longevity pay is an inherent part of the pay of an officer which he earns by service. It is fixed by law. A statute which provides that a retired officer detailed on active duty shall receive the pay of the grade that he would have attained in due course of promotion if he had remained oh the active list for a period beyond the date of his retirement equal to the total amount of time during which he has been detailed on active duty must intend to give him the pay which he would have received if he had never been retired. Otherwise the statute would have no meaning. The fact that an officer was a major on the retired list when he was detailed on active duty would not under this statute prevent him from earning by his active service the longevity pay provided therein for retired officers when detailed on active duty.
Judgment will therefore be entered for plaintiff in the sum of $284.17. And it is so ordered.